13

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIKA SELMAN,

    Plaintiff,

v

EUREST SERVICES, INC. and
JONES LANG LASALLE
MANAGEMENT SERVICES, INC.,

    Defendants.

Case:2:16-cv-10062
Judge: Edmunds, Nancy G.
MJ: Stafford, Elizabeth A.
Filed: 01-07-2016 At 03:59 PM
IFP SELMAN v EUREST SERVICES INC, E
T AL (dat)

| Erika Selman<br>4025 Pinnacle Way<br>Hephzibah , GA 30815<br>eselman1710@gmail.com<br>In Pro Per | |

## IN PRO PER COMPLAINT AND JURY DEMAND

Plaintiff states the following complaint against Defendant:

1.     This is an action for declaratory relief and money damages under the equal protection clause of the United States Constitution and Title VII of the Civil Rights Act of 1964; Plaintiff seeks redress for sexual harassment, discrimination, and retaliation that occurred while working for Defendants.

2.     The events giving rise to this action occurred in the Eastern District of Michigan.

1

3. Eurest Services is a private company that provides facility, environmental, and cleaning services for corporate offices and have an office located in Livonia, Wayne County, Michigan.

4. Jones Lang LaSalle is a private company that provides a variety of services for commercial properties and has an office located in Washtenaw County, Ann Arbor, Michigan.

5. Plaintiff exhausted her remedies as required by Title VII. Eurest Services responded to the Equal Employment Commission (EEOC) on June 30, 2015. The EEOC mailed Plaintiff a notice of suit rights on October 8, 2015.

6. The amount in controversy exceeds $75,000.00.

7. Plaintiff resides in the state of Georgia.

8. Eurest Services hired Plaintiff on April 1, 2013 as a Janitor.

9. Eurest Services has a sub-contract with Jones Lang LaSalle to provide services to a GM facility located at 1251 Joslyn Avenue, Pontiac, Michigan. (Hereinafter Eurest Services and Jones Lang LaSalle shall be collectively referred to as the Defendants.)

10. Since her hire, Plaintiff has been subjected to sexual harassment by her supervisor Ryan Quinn.

11. The sexual harassment manifests itself in:

    A. Offensive remarks about Plaintiff's body parts and clothing;

      B.    Frequent and unwanted advances;

      C.    Indirect requests for sex;

      D.    Constant leering and intimidating behavior; and

      E.    Retaliation for opposition to Defendant's continued maintenance of the sexually hostile work environment.

12. Plaintiff has been subjected to discrimination stemming from the sexual harassment.

13. Rebuffing frequent and unwanted advances resulted in the following:

      A.    Increased scrutiny on a daily basis; and

      B.    Disparity in treatment in the application of progressive counseling.

14. Plaintiff placed Defendant on notice about the sexual harassment when she filed a grievance addressing Quinn's actions.

15. On July 9, 2014, Plaintiff filed a grievance addressing discrimination by Ryan Quinn.

16. The grievance resulted in the following acts of retaliation:

A. On July 11, 2014, Plaintiff was placed on notice for not being in her area after break. Other male employees who Plaintiff was with did not receive any such notice; and

      B.    On July 11, 2014, Ryan Quinn stated to Plaintiff: you're going to lose your job, but if you act right, you could keep it. Quinn was alluding to sexual acts with this comment.

17. On July 12, 2014, Plaintiff submitted grievances addressing sexual harassment, harassment based on gender, and excessive monitoring by Ryan Quinn.

18. On July 13, 2014, Plaintiff was subjected to more retaliation when she was told to punch out and go home.

19. Plaintiff was terminated by Defendant on August 20, 2014.

20. On December 11, 2014, Ryan Quinn received a formal clarification of expectations in response to concerns raised about his management style.

21. Defendant has perpetuated the above referenced hostile work environment since Plaintiff began work in 2013 and therefore Defendant is guilty of a continuing violation of Plaintiff's rights.

22. Defendant failed to take action to address Plaintiff's grievances and failed to intervene and stop retaliatory actions by supervisors.

23. The hostile work environment described above has caused Plaintiff emotional and economic damages.

## COUNT I - SEXUAL HARASSMENT
## (HOSTILE WORK ENVIRONMENT)

24. Plaintiff incorporates by reference the preceding paragraphs.

25. At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the scope of the Title VII of the Civil Rights Act of 1964.

26. Defendant's agents and employees have sexually harassed Plaintiff throughout the course of her employment.

27. This sexual harassment has included, but is not limited to, unwelcome comments and conduct of an offensive and hostile nature directed at Plaintiff because of her gender which has created a sexually hostile work environment.

28. Defendant violated Title VII of the Civil Rights Act of 1964 by failing to implement preventative measures and failing to promptly investigate and remedy the sexually hostile work environment which inevitably arose due to its actions and inactions.

29. The actions of Defendant and its agents, representatives and employees were intentional and of such a nature that a reasonable person would have perceived the conduct and communication as substantially interfering with the Plaintiff's employment or creating an intimidating, hostile and offensive employment environment.

30. The conduct of Defendant's agents and employees constitutes sexual discrimination in violation of Title VII of the Civil Rights Act of 1964.

31. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered, and will continue to suffer, economic damages as well as emotional distress and the physical manifestations of these injuries and damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant as follows:

1. Legal Relief

    A.    Economic damages in whatever amount Plaintiff is found to be entitled;

    B.    Continuing compensatory damages in whatever amount above $75,000.00 Plaintiff is found to be entitled;

    C.    An award of interest, costs, and reasonable attorney fees; and

2.    Equitable Relief

    A.    Whatever relief the Court deems fair, just and equitable at time of judgment.

## COUNT II – RETALIATION

32.    Plaintiff incorporates by reference the preceding paragraphs.

33.    At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the scope of the Title VII of the Civil Rights Act of 1964.

34.    Defendant's agents and employees retaliated against Plaintiff for engaging in protected activity: reporting her supervisor's acts of harassment and discrimination.

35.    The retaliation includes, but is not limited to, hyper scrutiny by supervisors, unwarranted discipline, and termination of employment.

36.    Defendant violated Title VII of the Civil Rights Act of 1964 by failing to prevent retaliation following Plaintiff's reports of sexual harassment and discrimination.

37. The actions of Defendant and its agents, representatives and employees were intentional and of such a nature that a reasonable person would have perceived the conduct and communication as substantially interfering with the Plaintiff's employment or creating an intimidating, hostile and offensive employment environment.

38. The conduct of Defendant's agents and employees constitutes retaliation based on protected activity in violation of Title VII of the Civil Rights Act of 1964.

39. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered, and will continue to suffer, economic damages as well as emotional distress and the physical manifestations of these injuries and damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant as follows:

1. Legal Relief

   A. Economic damages in whatever amount Plaintiff is found to be entitled;

   B. Continuing compensatory damages in whatever amount above $75,000.00 Plaintiff is found to be entitled;

   C. An award of interest, costs, and reasonable attorney fees; and

2. Equitable Relief

    A. Whatever relief the Court deems fair, just and equitable at time of judgment.

Respectfully submitted,

_____
Erika Selman
4025 Pinnacle Way
Hephzibah , GA 30815
eselman1710@gmail.com
In Pro Per

Dated: January 6, 2016

## JURY DEMAND

NOW COMES the Plaintiff, through counsel, and hereby demands trial by jury in the above captioned matter.

Respectfully submitted,

_____
Erika Selman
4025 Pinnacle Way
Hephzibah, GA 30815
eselman1710@gmail.com
In Pro Per

Dated: January 6, 2016

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I.

**(a) PLAINTIFFS**
Erika Selman

**(b)** County of Residence of First Listed Plaintiff: Richmond
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Erika Selman, 4025 Pinnacle Way, Hephzibah GA, 30815

**DEFENDANTS**
Eurest Services Inc. and Jones Lang LaSalle Inc.

County of Residence of First Listed Defendant: Washtenaw/Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Bhavin V. Patel, 2400 Yorkmont Road Legal Dept, Charlotte, NC 28217

County in which action arose: Oakland

Case: 2:16-cv-10062
Judge: Edmunds, Nancy G.
MJ: Stafford, Elizabeth A.
Filed: 01-07-2016 At 03:59 PM
IFP SELMAN v EUREST SERVICES INC, ET AL (dat)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES
*(For Diversity Cases Only)*

Citizen of This State
Citizen of Another State
Citizen or Subject of a Foreign Country

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [x] 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act

Brief description of cause:
Sexual harassment, discrimination and retaliation that occured while working for the defendants

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
JURY DEMAND: [x] Yes  [ ] No
CHECK YES only if demanded in complaint:

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

SIGNATURE OF ATTORNEY OF RECORD: *(signed)*  1.7.16

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

1.     Is this a case that has been previously dismissed?    ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)    ☒ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

* **Enter the county in which the action arose.**

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

V. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

I. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

II. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

te and **Attorney Signature.** Date and sign the civil cover sheet.

# New Lawsuit Check List

Instructions: Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.

| | |
|---|---|
| ☒ | Two (2) completed **Civil Cover Sheets**. |
| ☑ | Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.<br><br>___2___ + 2 = ___4___ **Complaints**.<br># of Defendants      Total<br><br>Received by Clerk: ___✓___  Addresses are complete: ___✓___ |

Case: 2:16-cv-10062
Judge: Edmunds, Nancy G.
MJ: Stafford, Elizabeth A.
Filed: 01-07-2016 At 03:59 PM
IFP SELMAN v EUREST SERVICES INC, E
T AL (dat)

| | |
|---|---|
| ☐ | If any of your defendants are **government agencies**:<br>Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General. |

| **If Paying The Filing Fee:** | | **If Asking That The Filing Fee Be Waived:** | |
|---|---|---|---|
| ☐ | Current new civil action filing fee is attached.<br><br>Fees may be paid by check or money order made out to:<br><br>*Clerk, U.S. District Court*<br><br>Received by Clerk: _____ Receipt #:_____ | ☑ | Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms.<br><br><br>Received by Clerk: ___✓___ |

**Select the Method of Service you will employ to notify your defendants:**

| Service via Summons by Self | Service by U.S. Marshal<br>(Only available if fee is waived) | Service via Waiver of Summons<br>(U.S. Government cannot be a defendant) |
|---|---|---|
| ☐ Two (2) completed **summonses** for each defendant including each defendant's name and address.<br><br><br><br>Received by Clerk: _____ | ☑ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.<br><br>☑ Two (2) completed **Request for Service by U.S. Marshal** form.<br><br>Received by Clerk: ___✓___ | ☐ You need not submit any forms regarding the Waiver of Summons to the Clerk.<br><br>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted, you will need:<br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant.<br>• Two (2) **Waiver of the Service of Summons** forms per defendant.<br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

**Clerk's Office Use Only**

Note any deficiencies here:

Rev. 4/13