UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

ERIKA SELMAN,

        Plaintiff,                       Civil Action No. 16-10062
                                          Honorable Nancy G. Edmunds
                 v.               Magistrate Judge Elizabeth A. Stafford

EUREST SERVICES, INC., and
JONES LANG LASALLE
MANAGEMENT SERVICES, INC.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION TO DENY JONES LANG LASALLE MANAGEMENT SERVICES, INC.'S MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT [R. 11]**

## I.   INTRODUCTION

Erika Selman alleges sexual harassment, sex-based discrimination, and retaliation under the Fourteenth Amendment and Title VII of the Civil Rights Act of 1964 against her former employer, Eurest Services, Inc., and Jones Lang LaSalle Americas, Inc. ("JLL") [1], an entity with which Eurest has a subcontract. [R. 1, PgID 1-2]. JLL moves to dismiss Selman's claims against it, and alternatively for summary judgment, based on a failure to exhaust administrative remedies. [R. 11]. For the reasons set forth below,

_____

[1] According to JLL, Selman's identification of its name as "Jones Lang LaSalle Management, Inc." is incorrect.  [R. 11, PgID 34].

the Court **RECOMMENDS** that JLL's motion be **DENIED**.

## II.     BACKGROUND

Under a subcontract with JLL, Eurest provides cleaning services at a General Motors facility in Pontiac, Michigan.  [R. 1, PgID 2].  Selman was hired by Eurest as a janitor in April 2013 and alleges she was subjected to sexual harassment by her supervisor, Ryan Quinn, for the entire period of her employment. [*Id.*].  She alleges that she was retaliated against for grieving the harassment, and ultimately terminated.  [*Id.*, PgID 2-4].

In February 2015, Selman gave an intake interview to the Michigan Department of Civil Rights ("MDCR") outlining her complaints against Eurest and JLL. [R. 16, PgID 112-116]. An MDCR representative thereafter sent her EEOC charge forms to sign, notarize and return to him.  [*Id.*, PgID 103, 128]. The EEOC received the completed forms on May 15, 2015. [R. 11-2, PgID 49; R. 16, PgID 103, 130, 132].  The EEOC issued a right-to-sue letter in October 2015, [R. 1, PgID 2], and this lawsuit followed.

## III.    ANALYSIS

### A.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  Although the federal rules only require that a complaint contain a "short and plain statement of the

claim showing that the pleader is entitled to relief," *see* Rule 8(a)(2), the statement of the claim must be plausible.  In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *Id.*; *see also Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  While pleadings filed by *pro se* litigants are entitled to a more liberal reading, *Thomas v. Eby,* 481 F.3d 434, 437 (6th Cir. 2007), "[t]he leniency granted to pro se [litigants] ... is not boundless."  *Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004).

Federal Rule of Civil Procedure 56 provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(a).  The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In deciding a summary judgment motion, the Court must view the factual evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 (1986).

**B.**

A plaintiff alleging discrimination under Title VII must exhaust all administrative remedies through the EEOC before bringing suit in federal court. *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003). Specifically, a charge of employment discrimination must be timely filed with the EEOC, and the EEOC must issue a notice of the right to sue. *Id.* "Where the alleged unlawful employment practice occurs in a state (such as Michigan) which has enacted its own laws prohibiting discrimination in employment, the plaintiff must file her EEOC charge within 300 days of the alleged unlawful employment practice." *Doan v. NSK Corp.*, 97 F. App'x 555, 557 (6th Cir. 2004) (internal quotation marks and citations omitted).

JLL claims that the EEOC charge against it was stamped by the EEOC on May 15, 2015, which would not satisfy the 300-day requirement under 42 U.S.C. 2000e-5(e)(1). However, when a charge is initially presented to a state fair employment practice ("FEP") agency, such as the MDCR, the charge "is deemed timely filed with the EEOC if 'a written and signed statement of facts upon which the charge is based was sent to the FEP agency by registered mail or was otherwise received by the FEP agency' within 300 days from the alleged violation." *Nichols*, 318 F.3d at 680 (quoting 29 C.F.R. § 1601.13(b)(1). Here, Selman orally complained to

4

MDCR on February 20, 2015, well within 300 days of the alleged

wrongdoing. [R. 16, PgID 102, 112-16]. The *Nichols* Court held that such

oral complaints to state agencies satisfy the 300-day filing deadline for filing

with the EEOC. *Id.* at 681 (citing *Love v. Pullman Co.*, 404 U.S. 522, 525

n.4 (1972)). Thus, Selman's complaint is deemed filed with the EEOC on

February 20, 2015.

JLL argues that this case is similar to *Higgins v. Vitran Exp. Inc.*, No.

1:09CV228, 2009 WL 3873662 (S.D. Ohio Nov. 18, 2009), in which the

court dismissed a complaint against a defendant based on an EEOC intake

questionnaire that did not name the defendant or contain other information

required under 29 C.F.R. § 1601.12. But unlike in *Higgins*, the case here

does not involve an EEOC intake questionnaire, which would invoke 29

C.F.R. § 1601.12. Instead, Section 1601.13(b)(1) governs a case, such as

this one, in which the charge was initially submitted to a FEP agency. JLL

fails to address the requirements of Section 1601.13(b)(1), or the Sixth

Circuit's interpretation of it in *Nichols*.

## C.

JLL argues that Selman's claims of retaliation, discipline, and

discharge must be dismissed because those discrete acts of discrimination

were not included in Selman's EEOC claim against it. They rely in part on

authority holding that a party not named in an EEOC charge cannot be sued under Title VII unless there is a clear identity of interest between the unnamed party and the party named in the charge. *Knafel v. Pepsi-Cola Bottlers, Inc.*, 899 F2d 1473, 1481 (6th Cir 1990); *Weatherspoon v. N. Oakland Gen. Hosp.*, No. CIV. 04-40184, 2006 WL 126615 (E.D. Mich. Jan. 17, 2006). But that authority is inapposite because Selman identified JLL as the "employer . . . . who discriminated against" her in one of her EEOC charges. [R. 11-2, PgID 49]. So the question is whether that charge exhausted the claims that Selman raises against JLL in the complaint before this Court. According to JLL, Selma only identified a claim of harassment on July 11, 2014, in her EEOC charge against it, and that her claims of retaliation, discriminatory discipline and discharge against JLL were therefore not exhausted. This argument is without merit.

An "EEOC complaint should be liberally construed to encompass all claims reasonably expected to grow out of the charge of discrimination." *Randolph v. Ohio Dept. of Youth Services*, 453 F.3d 724, 732 (6th Cir. 2006). The exhaustion requirement "is not meant to be overly rigid, nor should it result in the restriction of subsequent complaints based on procedural technicalities or the failure of the charges to contain the exact wording which might be required in a judicial pleading." *Id.* (citation and

6

internal quotation marks omitted).  The liberal interpretation of an EEOC complaint is especially appropriate where, as here, a claimant is unassisted by counsel.  *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 546 (6th Cir. 1991).

In *Randolph*, the court held that the plaintiff's EEOC complaint alleging hostile environment on a specific date did not result in a temporal limitation of her claims.  "Hostile work environment claims by their very nature require ongoing conduct."  *Randolph*, 453 F.3d at 732.  The court explained that the scope of an EEOC claim is governed by what the "EEOC could reasonably be expected to investigate" under its "very broad powers," and given the "totality of the circumstances."  *Id.* (citations and internal quotation marks omitted).

In light of *Randolph*, JLL's argument that Selman's EEOC charge failed to exhaust the claims in her complaint before this Court is untenable. Selman's EEOC charge against JLL alleged that its site manager created a "hostile working environment" from August 2013 to July 11, 2014. [R. 11-2, PgID 49].  Using its very broad scope of power, the EEOC would be expected to investigate the totality of circumstances arising out of Selman's EEOC charge, including any related retaliation, discipline or discharge. These claims should survive JLL's motion for dismissal.

7

## IV.    CONCLUSION

For the preceding reasons, the Court **RECOMMENDS** that JLL's

motion [R. 11] be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 28, 2016

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 28, 2016.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
