UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIKA SELMAN,

    Plaintiff,                                  Case No. 16-10062

v.                                                Honorable Nancy G. Edmunds

EUREST SERVICES, INC., et al,

    Defendant.
_____/

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [21]**

Plaintiff Erika Selman ("Selman") filed this *pro se* employment harassment and retaliation lawsuit against her former employer, Eurest Services, Inc. ("Eurest"), and Jones Lang Lasalle Americas, Inc. ("JLL"), a subcontractor to JLL.  Selman alleges that she was sexually harassed by her supervisor and later fired for reporting his disparaging remarks.

On September 28, 2016, the Magistrate Judge issued a report recommending that JLL's motion to dismiss the complaint be denied. (Dkt. 21).  Specifically, the report rejected JLL's argument that Selman failed to properly raise her retaliation claim with the EEOC before filing this lawsuit.  (Report and Recommendation at 7).  JLL has since filed an objection to this portion of the report, arguing that Selman's charge "only alleges that she was sexually harassed and subjected to a hostile work environment, and there is nothing in the narrative of her [c]harge that would have prompted the EEOC to investigate" further.  (Dkt. 23, JLL Objections at 4).  For the reasons that follow, the Court GRANTS JLL's objection and REJECTS IN PART the Report and Recommendation.

## I. STANDARD

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected. 28 U.S.C. § 636(b). The Court need not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Moreover, an objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.'" *Aldrich v. Bock,* 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981).

## II. ANALYSIS

It is well-settled that an employee alleging employment discrimination in violation of Title VII must first file a "charge" with the EEOC. *Younis v. Pinnacle Airlines, Inc.,* 610 F.3d 359, 361 (6th Cir. 2010) (citations omitted). The charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." *Id.* (citing 29 C.F.R. § 1601.12(b)). As a general rule, "a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge." *Id.* (citations omitted). Allowing a Title VII action to include claims outside the charge would deprive employers of notice and "frustrate the EEOC's investigatory and conciliatory role." *Id.* at 362. On the other hand, "whe[n] facts related . . . to the charged claim would prompt the EEOC to investigate a different,

2

uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir.1998).

Selman filed two charges with the EEOC, both dated March 5, 2015. In the charge against JLL ("JLL Charge"), Selman alleges that she:

> was sexually harassed most recently on July 11, 2014 due to my sex. Starting in August 2013, and continuing through July 11, 2014, I was subjected to sexual harassment by the respondent's male site manager which included offensive remarks about my body parts and clothing, frequent and unwanted advancements, constant leering, and indirect requests for sex. This damaging and unwelcome behavior created a hostile working environment for me.

(JLL Mot. Dismiss, Ex. A, JLL Charge). In the second charge, lodged against Eurest ("Eurest Charge"), Selman reiterates that she was "subjected to sexual harassment by [JLL]", and further alleges that "she was subjected to excessive and frivolous discipline based on my sex and because I failed to engage in a romantic relationship with [Eurest's] site manager. I believe I was discharged because of my sex and because I engaged in a protected activity." (Plf.'s Resp. Dkt. 16, Eurest Charge, Ex. A). Reading both charges together, two things become clear: first, Selman "was employed by Eurest Services", a fact which helps to explain why her charge against JLL is devoid of any mention of "retaliation" or "discipline". Indeed, Selman contends that she was disciplined and ultimately discharged "due to [her] sex and in retaliation for lodging an *internal* complaint" at Eurest. (Eurest Charge) (emphasis added). In other words, there is no question that Selman preserved her retaliation claim against Eurest, and it's entirely unclear why, as a practical matter, she is now seeking to import those allegations against JLL.

Nevertheless, while it is true that an EEOC charge "should be liberally construed to encompass all claims reasonably expected to grow out of the charge of discrimination",

3

*Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006), there is nothing "in the narrative portion of the [JLL] [C]harge that could be interpreted as claiming retaliation, nor is there any language that would have put the EEOC or the employer on notice that [Selman] was alleging retaliation . . . ." *Younis*, 610 F.3d at 362 ("The problem in this case is that in his EEOC filing, Younis did not allege a claim of hostile work environment, and he cited only discrete acts of alleged discrimination, limited to three or four isolated comments by his peers that occurred over a three-year period."). In *Younis*, the Sixth Circuit established a straightforward test for determining whether a plaintiff has properly exhausted her administrative remedies with the EEOC. In essence, that question comes down to whether the "allegations in the complaint can be reasonably inferred from the facts alleged in the charge." *Id*. Here, there is no dispute that, with respect to JLL, Selman "did not mention or provide any facts in support of her retaliation claim; she did not indicate that she engaged in protected activity or that her termination was based on protected activity . . . ." *Franklin v. DaVita Healthcare Partners, Inc.,* 13-11329, 2013 WL 5595353, at * 2 (E.D. Mich. Oct. 11, 2013) (finding that the plaintiff's allegations of sexual harassment and retaliation were not reasonably related to her EEOC charge of sex discrimination.) Under *Younis*, then, Selman's retaliation claim falls far short of the mark.

Nor does the Sixth Circuit's decision in *Randolph,* 453 F.3d 724, suggest that the result should be any different. There, the court declined to put a temporal limitation on the plaintiff's hostile work environment claim because the allegations in the EEOC charge were not tethered to "discrete [] boundaries, but rather describe[d] an escalating progression of harassment." *Id.* at 732. That is to say, the claim was clearly raised in the charge, but there was some question regarding the scope of the defendant's conduct. Nevertheless,

4

because "[h]ostile work environment claims by their very nature require ongoing conduct", the EEOC "could reasonably be expected to investigate those actions notwithstanding the date listed on the face of [the] complaint." *Id.* Here, by contrast, Selman is not merely attempting to expand the temporal reach of her charge, but rather is seeking to import the factual assertions and claims levied against a completely different party. Applying the "expected scope of the investigation test", it is not reasonable to conclude that the EEOC would have investigated a claim of retaliation against a non-employer based solely on allegations of sexual harassment. Indeed, this logic runs directly counter to *Younis*, and is in no way supported under *Randolph*. In the end, even liberally construing Selman's charge, there is simply no relationship between her allegations against JLL and a claim of retaliation.

## III. CONCLUSION

For the reasons thus stated, the Court hereby GRANTS JLL's objection to the Report and Recommendation. (Dkt. 23). Selman's retaliation claim against JLL is therefore DISMISSED, and the Court ADOPTS the remainder of the Report and Recommendation. (Dkt. 21).

SO ORDERED.

                                    s/Nancy G. Edmunds
                                    Nancy G. Edmunds
                                    United States District Judge

Dated: January 17, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 17, 2017, by electronic and/or ordinary mail.

                              s/Carol J. Bethel
                              Case Manager